Farley v. Farley.

CASE 91—PETITION EQUITY—APRIL 18.

## Farley v. Farley.

### APPEAL FROM KENTON CHANCERY COURT.

1. MARRIAGE EXTINGUISHES A DEBT DUE FROM THE WIFE TO THE HUSBAND at the time of the marriage. This was the common law rule, and as it has not been changed by statute, it is still in force in this State. The rule does not apply, however, where the antenuptial contract was not to be enforced during coverture, or where the wife, either by contract or by the law, retains all her estate as separate estate. In such a case the reason for the rule ceases, and equity, therefore, will relieve against the rule. But in this case no such reason exists for not applying the rule.

2. PAYMENT OF DEBT DISCHARGES LIEN.—Where a debt due from the wife to the husband is thus extinguished by the marriage, a mortgage executed to secure it is also extinguished. The payment of a debt whether it be an actual payment or a payment by operation of law, discharges any lien by which the debt is secured.

3. A DIVORCE DOES NOT OPERATE TO REVIVE A DEBT from the wife to the husband which was extinguished by the marriage.

Vol. 91—32.

CLEARY & HAMILTON, R. W. NELSON FOR APPELLANT.

1. A debt due to a woman is extinguished by her intermarriage with the debtor. (Schouler on Husband and Wife, page 133; Suttles, &c., v. Whitlock, 4 Mon., 451; Smiley v. Smiley's Adm'r, 18 Ohio St., 543.)
2. The mortgage lien is a mere security, and if no action can be maintained on the note, the lien can not be enforced. (Vandiver v. Hodge, Adm'r, 4 Bush, 538.)

J. F. & C. H. FISK FOR APPELLEE.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, while a *feme sole*, executed to the appellee the notes, and the mortgage on her land to secure one of the notes, now in controversy. She and the appellee thereafter married each other, and while they were husband and wife, and said notes not having been paid, the appellee brought suit on them, seeking a personal judgment and foreclosure of said mortgage.

The appellant interposed the defense that by her marriage with the appellee said debts were, in law, paid, or extinguished, which had the effect to cancel said mortgage. During the pendency of this suit the appellee obtained a divorce from the appellant, in which each party was restored to any property not disposed of at the commencement of the action, which such party might have obtained, directly or indirectly, from or through the other, &c.

The lower court decided that the subsequent marriage, under the circumstances, did not extinguish the said mortgage, and ordered the land sold to pay the mortgage debt.

By the common law marriage has the legal effect

Farley v. Farley.

of paying or extinguishing the debt that the husband might owe the wife, or the wife the husband, at the time of the marriage. By that law the husband, by the marriage, became responsible for the debts due by the wife at the time, and became bound to provide for her comfort and maintenance during coverture, and, in return, all her personal estate, of whatever description, became absolutely his. If she, at the time of marriage, held a note on him, the note was, in law, paid; it became his. If he held a note on her, it, in law, was paid or extinguished by the marriage. If, at the time, she was indebted to him, say one thousand dollars, and possessed, say one hundred thousand dollars, the law gave him said sum, and at the same time paid her debt to him. If she took one thousand dollars of this sum and paid the debt, she would take what already belonged to the husband by virtue of the marriage. Suppose she were to say to the husband, you got ten thousand dollars by me, which ought to pay this debt, would he be permitted to say that he got what the law gave him, and as she owned a tract of land which the law did not give him, except the rent and use, he would subject that to the payment of the debt? Surely a court of equity would not allow this. Surely it would say to him, as the law gave him, upon the marriage, all the personal estate then owned or thereafter acquired by this woman, it also paid or extinguished her indebtedness to him. It would say to him still more specifically, it is the right, without reference to the quantity received, to her personal estate and her earnings that pays or extinguishes her indebtedness to him.

Now, this common law rule prevails in this State, except as it is modified by statute, which modification consists in the wife's retaining the legal title to her real estate, and the husband's non-liability for the payment of any antenuptial debts of hers, except to the extent that he received personal estate from her by reason of the marriage. This non-liability is more favorable to him than was the common law rule, which was intended to establish equality, in view of the fact that the statute allows her to retain the title to her real estate; but it does not have the effect not to pay any debt that she might owe him, because he is yet entitled to all her personal estate, time, labor and earnings, which should have the legal effect of paying or extinguishing her indebtedness to him. She could still say to him that the thousands of dollars that were once hers, and out of which she could have paid the debt, were now his, and her earnings, once hers, and out of which she could have paid the debt, were now his, and she, consequently, had nothing with which to pay. But he says, you have land, pay me out of that; but she says you control the rents and income from that land, and if I offer you that, you will tell me that you are entitled to that by law. Yes, of course, give me the title; you have that left. But, instead, the common law says that it is the acquisition by the husband of this right, although never substantially realized, that pays the wife's indebtedness to the husband, and the reason of the rule exists notwithstanding our statutory modifications. This common law rule as to payment does not obtain where the antenuptial contract was not to be enforced during cov-

erture, or where the wife, by either contract or the law, retains all her estate as a separate estate ; then, in that case, the reason ceases, and equity will relieve against the rule. But such is not the case here ; the modifications suggested do not change the essence of the reason, consequently the rule obtains, and said indebtedness was, in law, paid.

But it is said that the mortgage gave the appellee an equity which he could enforce after the marriage. Well, the mortgage did not convey to the appellee any equity except as that equity was supported by the debt that the equitable conveyance was intended to secure; and if such debt was thereafter paid in fact, or by operation of law, the lien or equity become *eo instanti* discharged. Such lien subsists upon the debt that it secures ; and when that debt is paid, or extinguished by either actual payment or payment by operation of law, the lien itself is thereby discharged.

But it is said the divorce restored each party to all his property not disposed of before the commencement of the action as fully as if there had been no marriage. The answer to this proposition is, that the appellee's property in these notes was disposed of before the action was commenced. They were paid, or extinguished, by the marriage, and the divorce did not revive them.

The judgment is reversed, with directions to dismiss the appellee's petition.